Filed 2/11/21  P. v. Sims CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>RASHIED SIMS,<br><br>  Defendant and Appellant. | B302109<br><br>(Los Angeles County<br>Super. Ct. No. BA046081) |

APPEAL from an order of the Superior Court of Los Angeles County, Lisa B. Lench, Judge.  Reversed and remanded with directions.

Vanessa Place, under appointment by the Court of Appeal for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Scott A. Taryle and Nancy Lii Ladner, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Defendant and appellant Rashied Sims, who was convicted of first degree murder, appeals from an order denying his petition for resentencing under newly-enacted Penal Code section 1170.95.[1] The trial court appointed counsel for Sims and set the matter for a hearing, then denied the petition. On appeal, Sims argues, respondent concedes, and we agree the trial court erred in concluding Sims had not stated a prima facie case for relief. We reverse.

### FACTUAL AND PROCEDURAL HISTORY

In 1991, Sims was charged with first degree murder, robbery, and assault with a deadly weapon. The evidence at trial showed that Sims and two friends robbed a man at gunpoint. While Sims and codefendant John Horton snatched chains from the victim's neck, their other friend, Byone Woods III, held a gun to the victim's head. When the victim attacked the gunman, Sims separated the men. The victim struggled again with the gunman, who then shot him. The jury was instructed on felony murder. In 1993, Sims was found guilty of all charges, and sentenced to a total of 35 years to life.

In 2019, Sims filed a section 1170.95 petition for resentencing of his murder conviction.[2] The District Attorney

---

[1] All undesignated statutory references are to the Penal Code.

[2] Sims and Horton were codefendants at the murder trial. In 1995, a prior panel of this division filed a single opinion upholding both convictions. In 2019, Sims and Horton filed section 1170.95 petitions which were heard and denied by the same trial judge (BA046081). Sims and Horton filed separate appeals from the denial of the resentencing petitions. Concurrently with the filing of this opinion, we also are filing an

2

filed an opposition, arguing that Sims was a major participant in the underlying crime who had acted with reckless indifference to human life. Sims was appointed counsel and filed a reply arguing there was no evidence Sims acted with reckless indifference to human life.

The court held a hearing on whether Sims made a prima facie showing of relief. At the hearing, the court found it was "the defendant's burden to establish a prima facie case . . . that he could not be convicted of first or second degree murder." The court concluded that, "as a matter of law, [Sims] could have been convicted under the law as it now stands; and therefore, has failed to establish a prima facie case for relief." The petition was denied, and Sims appealed.

## DISCUSSION

Senate Bill No. 1437 was enacted to "amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Sen. Bill No. 1437 (2017–2018 Reg. Sess.) § 1; see *People v. Verdugo* (2020) 44 Cal.App.5th 320, 325 (*Verdugo*), review granted Mar. 18, 2020, S260493.) Senate Bill No. 1437 also created section 1170.95 which allows defendants convicted of murder under the old law to seek resentencing if their convictions do not satisfy the requirements of the amended law.

---

opinion in Horton's resentencing appeal affording him the same relief as Sims (B303337). The record does not reveal the resolution of the charges against Byone Woods III.

Section 1170.95, subdivision (c) requires the trial court to conduct a two-step prima facie analysis. Step one is a screening of the petition by the court. If the court determines at this first stage the petitioner is ineligible for relief as a matter of law, the petition is denied; if not, the court proceeds to the next step. (*People v. Torres* (2020) 46 Cal.App.5th 1168, 1178, review granted June 24, 2020, S262011.) Step two requires the court to appoint counsel for the defendant, if requested, and permit briefing on the issue of the defendant's entitlement to relief under the statute. (*Verdugo, supra*, 44 Cal.App.5th at p. 330.) As in step one, a petitioner fails to satisfy step two if he is not entitled to relief as a matter of law, but step two differs in that the parties may present materials from the record of conviction to aid the court. (*Id.* at p. 330, fn. 9.) The trial court may not engage in "fact finding" at this stage; rather, step two is concerned with examining the record of conviction to determine whether the defendant is ineligible for relief as a matter of law. (*People v. Drayton* (2020) 47 Cal.App.5th 965, 982 (*Drayton*).) At both step one and step two, the court makes "all factual inferences in favor of the petitioner." (*Verdugo, supra*, 44 Cal.App.5th at p. 329.) At the second stage, unless defendant is not entitled to relief as a matter of law, the court must issue an order to show cause and proceed to the third stage. At the third stage, the court holds a hearing where the People have the burden of proving beyond a reasonable doubt that the defendant is ineligible for resentencing. (§ 1170.95, subds. (c) & (d)(1); *Verdugo, supra*, 44 Cal.App.5th at p. 328.)

Here, the record showed that Sims could have been convicted based on a felony murder theory. Under the amended felony murder law, that conviction cannot stand unless he was a

4

major participant in the underlying felony who acted with reckless indifference to human life.  At the prima facie stages, the trial court may not resolve disputed facts and must make all factual inferences in favor of the petitioner.  (*Drayton, supra*, 47 Cal.App.5th at p. 982; *Verdugo*, *supra*, 44 Cal.App.5th at p. 329.)  Here, the trial court erred in placing the burden on Sims to prove he could not be convicted of murder, and drawing all inferences in favor of the conviction.  The record did not establish that Sims was necessarily convicted of murder based on a finding that he was a major participant in the robbery who acted with reckless indifference to human life. (See *People v. Chun* (2009) 45 Cal.4th 1172, 1184 [before Senate Bill No. 1437, section 189 permitted a conviction for felony murder based on simply imputing malice to those who committed a felony inherently dangerous to human life which resulted in homicide].)  As the Attorney General acknowledges in his respondent's brief, the record did not show Sims was not entitled to section 1170.95 relief as a matter of law, and the trial court should have issued an order to show cause (§ 1170.95, subds. (c) & (d)(1)).

### *DISPOSITION*

The order denying Sims' section 1170.95 petition is reversed and the matter remanded with directions for the trial court to issue an order to show cause and hold a hearing on whether Sims' murder conviction should be vacated.


                                    RUBIN, P. J.

WE CONCUR:



          MOOR, J.



          KIM, J.